**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA *et al.*, *ex rel.* REBECCA MILLER, )<br><br>Plaintiffs, )<br><br>v. )<br><br>RECKITT BENCKISER GROUP PLC, *et al.*, )<br><br>Defendants. ) | Civil Action No.  1:15-CV-00017 |

**UNITED STATES' STATEMENT OF INTEREST
ON THE *SUPERVALU* DECISION**

The United States, real party in interest in this action, hereby moves to submit this Statement of Interest pursuant to 28 U.S.C. § 517 to respond to one argument made in Defendants' Corrected Brief on the Impact of the *Supervalu* Decision and in Further Support Of Defendants' Motion To Dismiss Relator's Fifth Amended Complaint ("Defendants' Brief").  The United States remains a real party in interest in this matter, even where it has not intervened in the action.  *United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 231 (1st Cir. 2004).  The False Claims Act (FCA), 31 U.S.C. § 3729 et seq., is the United States' primary tool used to redress fraud on the government.  As such, the statute should be read broadly to reach all fraudulent attempts to cause the government to pay out sums of money.  *United States v. Neifert-White*, 390 U.S. 228, 233 (1968).  Thus, the United States has a keen interest in the development of the law in this area and in the correct application of the law in this, and similar, cases.  The United States is not taking a position on any arguments or issues raised in connection

with the Motion other than what is addressed in this Statement of Interest and in a separate

Statement of Interest that the United States filed on August 27, 2021.  *See* ECF 116.

On June 1, 2023, the Supreme Court issued a ruling in *United States ex rel. Schutte v.*

*SuperValu Inc.*, No. 21-1326, --- S. Ct. ---, 2023 WL 3742577 (U.S. June 1, 2023).  In a

unanimous opinion, the Court held that the FCA's "scienter element refers to respondents'

knowledge and subjective beliefs—not to what an objectively reasonable person may have

known or believed."  2023 WL 3742577, at *6.  This is because the FCA "is largely a fraud

statute," and "largely track[s] the common-law scienter standards for fraud."  *Id.*  Accordingly,

the "focus" of the FCA's scienter requirement "is not . . . on *post hoc* interpretations that might

have rendered [the defendants'] claims accurate," but "is instead on what the defendant knew

when presenting the claim."  *Id.* at *7.

In their brief on *SuperValu*'s impact on their motion to dismiss, Defendants first

identified the various arguments in their original motion to dismiss that were not addressed by

*SuperValu.*  Defendants then argued that *SuperValu* did not apply because the statutes and

regulations at issue in this action are clear and unambiguous.  The United States takes no

position on those arguments.  However, at the end of their brief, Defendants suggest that

*SuperValu* somehow imposed a new "three-part test" on the interpretation of "reckless

disregard," one of the three elements of the FCA scienter standard.  Specially, Defendants

argued:

> The Supreme Court clarified that the FCA's "reckless disregard" standard
> "captures defendants who are [1] conscious of a [2] substantial and [3]
> unjustifiable risk that their claims are false, but submit them anyway."
> *SuperValu*, 598 U.S. __ (2023), Slip Op. at 10.  The Fifth Amended
> Complaint fails under this three-part test, as it does not allege that Indivior
> consciously disregarded a substantial risk of noncompliance, let alone that
> it did so without justification.

Defendants' Brief at 10-11.

We file this statement of interest to clarify that in *SuperValu*, the Supreme Court did not

limit the type of evidence that the government or relators could use to prove that Defendants

acted with reckless disregard or impose a heightened standard for evaluating such evidence.  And

the Court certainly did not establish a new "three-part test" for reckless disregard.[1]  Instead, the

Court simply stated the "straightforward" point that the FCA's "scienter element refers to

respondents' knowledge and subjective beliefs—not to what an objectively reasonable person

may have known or believed."  2023 WL 3742577, at *6.  In its decision, the Court briefly traced

the historical development of common-law fraud and noted that the FCA's definition of

"knowingly" largely tracked the common-law scienter standards.  *Id.*  By summarizing each of

the three elements in the FCA definition of "knowledge" – actual knowledge, deliberate

ignorance, and reckless disregard – the Court clearly did not intend to place new limitations on

them.  Indeed, the Court's citation to existing FCA case law, restatements, and legal dictionaries

reflects that the Court was simply drawing from and reaffirming existing standards for proving

knowledge, and not establishing new and restrictive criteria.  The Court thus left existing FCA

precedent on this point intact. The existing precedent holds that recklessness under the FCA

includes an objective component.  *See, e.g., United States v. Mackby*, 261 F.3d 821, 828 (9th Cir.

2001) (holding that a provider's "claim that he did not know of the Medicare requirements does

not shield him from liability" because "[b]y failing to inform himself of those requirements . . .

he acted in reckless disregard or in deliberate ignorance"); *Urquilla-Diaz v. Kaplan Univ.*, 780

F.3d 1039, 1058 (11th Cir. 2015) (explaining that "circuits have uniformly described reckless

---

[1]  The only "three-part test" mentioned in *SuperValu* is the basic definition of "knowledge" stated in the FCA itself, which encompasses actual knowledge, deliberate ignorance, and reckless disregard.  *See* 2023 WL 3742577, at *6 ("In short, either actual knowledge, deliberate ignorance, or recklessness will suffice.  That <u>three-part test</u> largely tracks the traditional common-law scienter requirement for claims of fraud.") (emphasis added; citations omitted).

disregard . . . as akin to an extension of gross negligence or an extreme version of ordinary negligence") (quotation marks omitted); *cf. Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 191 (2016) (explaining that recklessness would be satisfied if "a reasonable person would realize" the materiality of a condition).

The fact that the Supreme Court was not establishing a new three-part test for evaluating "reckless disregard" is further demonstrated by the Court's later discussion in footnote 5, which acknowledges that a defendant might be liable if he "act[ed] in the face of an unjustifiably high risk of illegality that was so obvious that it should have been known," even where there is no evidence that he was subjectively aware of that risk.  2023 WL 3742577, at *6 n.5.  The Court did not need to consider this form of recklessness in *Supervalu* because that case was about whether a defendant's subjective knowledge matters if it offers a reasonable interpretation of an ambiguous regulation.  However, if the Court actually intended to establish the novel "three-part test" that Defendants are now advocating—i.e., "[1] conscious of a [2] substantial and [3] unjustifiable risk that their claims are false"—the Court certainly would not have acknowledged the possible application of a different, objective standard in the very same decision.

The United States takes no position on other arguments made by Defendants in their original Motion to Dismiss or in their more recent Brief.  In addition, the United States asks that if the Court dismisses Relator's Fifth Amended Complaint because it is inadequately pleaded, it make such dismissal without prejudice to the United States.

Dated:  July 7, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

CHRISTOPHER R. KAVANAUGH
United States Attorney
Western District of Virginia


By:  */s/ Krista Frith*_____
Krista Frith
Assistant U.S. Attorney
Western District of Virginia
United States Department of Justice
Post Office Box 1709
Roanoke, VA
(540) 857-2956
Krista.Frith@usdoj.gov

Jamie A. Yavelberg
Edward C. Crooke
Attorneys, Civil Division
United States Department of Justice
Post Office Box 261, Ben Franklin Station
Washington, D.C. 20044

Attorneys for the United States