CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
September 09, 2026
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA, *et al.*, *ex rel.* REBECCA MILLER,** | ) | |
| Plaintiff-Relator, | ) | Case No. 1:15CV00017 |
| v. | ) | **OPINION AND ORDER** |
| **RECKITT BENCKISER PHARMACEUTICALS, INC., *n/k/a* INDIVIOR INC.,** | ) | JUDGE JAMES P. JONES |
| Defendant. | ) | |

*Argued: Maghan S. B. Oliver, MOTLEY RICE LLC, Mt. Pleasant, South Carolina, for Plaintiff-Relator; Jonathan T. Blank, MCGUIREWOODS LLP, Charlottesville, Virginia, for Defendant.*

Rebecca Miller, the plaintiff-relator in this qui tam action under the False Claims Act and similar local statutes, has moved to compel the production of documents that the defendant Reckitt Benckiser Pharmaceuticals, Inc., now known as Indivior Inc. (hereafter Indivior) contends are protected by attorney-client and work product privileges. The motion will be granted in part and denied in part.

## I. BACKGROUND.

Plaintiff-Relator Miller engaged independent counsel to review her files and identify material over which Indivior might choose to assert privilege. Independent counsel conducted this review and provided those files to Indivior, with Miller's potentially privileged information redacted. Indivior reviewed those files and

claimed privilege over portions of 68 of the documents. Miller objects to the assertion of privilege as to 66 of the documents. Miller argues that the crime-fraud exception to attorney-client privilege justifies their disclosure.

Further, the parties identified seven documents that independent counsel partially redacted and withheld from both parties on the belief that both might claim a privilege. Those documents are listed in Exhibit C to Miller's Motion to Compel. After oral argument, I determined that in camera review of the documents was justified to consider what, if any, of the redacted material could be unredacted and released to the parties. I have reviewed the privilege log and the 66 documents subject to the Motion to Compel, as well as the seven documents withheld from both parties. Based on that review, and consideration of the applicable law, I have determined the privilege status of the documents as described below.

## II. STANDARD OF REVIEW.

Because this case involves federal causes of action, "[t]he common law — as interpreted by United States courts in the light of reason and experience — governs a claim of privilege." Fed. R. Evid. 501.

### A. Attorney-Client Privilege.

The attorney-client privilege "affords confidential communications between lawyer and client complete protection from disclosure." *In re Grand Jury Subpoena*, 204 F.3d 516, 519 (4th Cir. 2000) (quoting *Hawkins v. Stables*, 148 F.3d 379, 383

(4th Cir. 1998)). It "applies only to confidential disclosures by a client to an attorney made in order to obtain legal assistance." *Id.* (internal citations and quotation marks omitted). The attorney-client privilege must be "strictly confined within the narrowest possible limits consistent with the logic of its principle." *In re Grand Jury Proceedings*, 727 F.2d 1352, 1355 (4th Cir. 1984) (internal quotation marks and citation omitted). "The burden is on the proponent of the attorney-client privilege to demonstrate its applicability." *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982).

B. Work Product Privilege.

"[T]he work product doctrine belongs to the attorney and confers a qualified privilege on documents prepared by an attorney in anticipation of litigation." *Solis v. Food Emp'rs Lab. Relations Ass'n*, 644 F.3d 221, 231 (4th Cir. 2011) (citing, *inter alia*, *Hickman v. Taylor*, 329 U.S. 495, 509-14 (1947)). As with the attorney-client privilege, the burden of showing that the work product protection applies lies with the party asserting the privilege.

C. Crime-Fraud Exception.

The crime-fraud exception exists "to ensure that the 'seal of secrecy' between lawyer and client does not extend to communications made for the purpose of getting advice for the commission of a fraud or crime." *United States v. Regan*, 281 F. Supp. 2d 795, 804 (E.D. Va. 2002) (internal citations and quotation marks omitted). For

the crime-fraud exception to overcome a stated privilege, the party seeking discovery must show that the communications (i) were made for an unlawful purpose or to further an illegal scheme; and (ii) reflect an ongoing or future unlawful or illegal scheme or activity. *United States v. Lentz*, 419 F. Supp. 2d 820, 831 (E.D. Va. 2005). It does not matter "whether the attorney knew that the client was seeking his advice for illegal purposes" or whether the attorney "counseled against the illegal activity." *Id.* at 830.

The prima facie showing required to satisfy the crime-fraud exception is proof "such as to subject the opposing party to the risk of non-persuasion if the evidence as to the disputed fact is left unrebutted." *In re Grand Jury 2021 Subpoenas*, 87 F.4th 229, 254 (4th Cir. 2023) (internal citation and quotation marks omitted).

Here, Miller argues that the crime-fraud exception applies to the challenged documents because the redacted portions of those documents contain information about conversations where Indivior executives conspired with counsel to circumvent reporting requirements. She states that the use of counsel to further a future illegal scheme and the "close relationship" between the conversations and that scheme render the material discoverable.

## II. DOCUMENTS SUBJECT TO MILLER'S MOTION TO COMPEL.

I have reviewed the 66 files over which Miller has challenged Indivior's privilege to determine whether the crime-fraud exception applies as alleged. Many of the documents are essentially duplicates, although some have slight formatting or wording edits. In any event, many of the redacted sections are consistent among versions of the documents. Therefore, where these sections are consistent, I have grouped together multiple versions of the same document for evaluation.

The tables below provide instruction to independent counsel as to which portions of the documents can be unredacted and made available to one or both of the parties. To preserve privilege where applicable, I have included minimal discussion of the contents of the redacted materials.

### 1. *Toxicity: Murder, Mayhem and Debauchery: My Life in the Pharmaceutical Industry.*

The submitted documents include 14 versions of a manuscript written by Miller that she describes as her "book." The manuscript reads as a narrative account of Miller's social and professional interactions, much of which is unrelated to this litigation. In three places where the manuscript discusses Indivior's operations or decision-making, Indivior has asserted attorney-client privilege.

| Version | Page Numbers of First Redacted Section | Page Numbers of Second Redacted Section | Page Numbers of Third Redacted Section |
|---|---|---|---|

| | | | |
|---|---|---|---|
| MILLER-CTRL00001375 | MILLER-CTRL00001501-02 | MILLER-CTRL00001507 | MILLER-CTRL00001519-20 |
| MILLER-CTRL00000344 | MILLER-CTRL00000470-71 | MILLER-CTRL00000476 | MILLER-CTRL00000488-489 |
| MILLER-CTRL00001209 | MILLER-CTRL00001335-36 | MILLER-CTRL00001341 | MILLER-CTRL00001353-54 |
| MILLER-CTRL00001037 | MILLER-CTRL00001163-64 | MILLER-CTRL00001169 | MILLER-CTRL00001181-82 |
| MILLER-CTRL00000871 | MILLER-CTRL00000997-98 | MILLER-CTRL00001003 | MILLER-CTRL00001015-16 |
| MILLER-CTRL00000509 | MILLER-CTRL00000635-36 | MILLER-CTRL00000641 | MILLER-CTRL00000653-54 |
| MILLER-CTRL00001532 | MILLER-CTRL00001657-58 | MILLER-CTRL00001663 | Not included in the document |
| MILLER-CTRL00003011 | MILLER-CTRL00003137-38 | MILLER-CTRL00003143 | MILLER-CTRL00003155-56 |
| MILLER-CTRL00001671 | MILLER-CTRL00001796-97 | MILLER-CTRL00001802 | Not included in the document |
| MILLER-CTRL00002847 Note: (There are two copies of this number. One is shortened version and does not include the redacted sections.) | MILLER-CTRL00002973-74 | MILLER-CTRL00002979 | MILLER-CTRL00002991-92 |
| MILLER-CTRL00000179 | MILLER-CTRL00000305-06 | MILLER-CTRL00000311 | MILLER-CTRL00000323-24 |

| | | | |
|---|---|---|---|
| MILLER-CTRL00000690 | MILLER-CTRL00000816-17 | MILLER-CTRL00000822 | MILLER-CTRL00000834-35 |
| MILLER-CTRL00000040 | MILLER-CTRL00000165-66 | MILLER-CTRL00000171 | Not included in the document |
| **Redaction Instructions:** | Indivior holds a valid privilege over this redacted material. The Motion to Compel is denied regarding this section. | Indivior holds a valid privilege over this redacted material. The Motion to Compel is denied regarding this section. | Indivior does not hold a valid privilege over this redacted material and it will be unredacted and released to Miller. The Motion to Compel is granted regarding this section. |

2. *Sets of Meeting Notes Beginning Tuesday, March 25, 2014.*

Several copies of notes from a series of meetings have been submitted in camera review. The meetings in these documents occurred on Tuesday, March 24, 2014, Wednesday, March 26, 2014, Tuesday, April 9, 2014, Wednesday, May 28, 2014, and Thursday, May 29, 2014.

| Version | Page Numbers of First Redacted Section | Page Numbers of Second Redacted Section | Page Numbers of Third Redacted Section |
|---|---|---|---|
| MILLER-CTRL00003175 | MILLER-CTRL00003175 | MILLER-CTRL00003176 | MILLER-CTRL00003177-78 |
| MILLER-CTRL00000032 | MILLER-CTRL00000032 | MILLER-CTRL00000033 | Not included in the document |
| MILLER-CTRL00002702 | MILLER-CTRL00002702 | MILLER-CTRL00002703 | MILLER-CTRL00002704-05 |

| | | | |
|---|---|---|---|
| | Note: This copy is blacked out in marker. | Note: This copy is blacked out in marker.<br>This page also includes a redacted line from a subsequent meeting that was not redacted in other versions. | |
| MILLER-CTRL00002627 | MILLER-CTRL00002627 | MILLER-CTRL00002628 | Not included in the document |
| MILLER-CTRL00003180 | MILLER-CTRL00003180 | MILLER-CTRL00003181 | Not included in the document |
| MILLER-CTRL00002822 | MILLER-CTRL00002822 | MILLER-CTRL00002823 | MILLER-CTRL00002824-25 |
| MILLER-CTRL00002648 | MILLER-CTRL00002648 | MILLER-CTRL00002649 | Not included in the document |
| MILLER-CTRL00002644 | MILLER-CTRL00002644 | MILLER-CTRL00002645 | Not included in the document |
| MILLER-CTRL00002642 | MILLER-CTRL00002642 | MILLER-CTRL00002643 | Not included in the document |
| MILLER-CTRL00002632 | MILLER-CTRL00002632 | MILLER-CTRL00002633 | Not included in the document |
| MILLER-CTRL00002637 | MILLER-CTRL00002637 | MILLER-CTRL00002638 | Not included in the document |
| MILLER-CTRL00002614 | MILLER-CTRL00002614 | MILLER-CTRL00002615 | MILLER-CTRL00002616-17 |
| MILLER-CTRL00002611 | MILLER-CTRL00002611 | MILLER-CTRL00002612 | Not included in the document |
| MILLER-CTRL00002621 | MILLER-CTRL00002621 | MILLER-CTRL00002622 | MILLER-CTRL00002623-24 |
| MILLER-CTRL00000029 | Not included in the document | Not included in the document | MILLER-CTRL00000029-30 |

| | | | |
|---|---|---|---|
| **Redaction Instructions:** | Indivior holds a valid privilege over this redacted material. The Motion to Compel is denied regarding this section. | Indivior holds a valid privilege over this redacted material. The Motion to Compel is denied regarding this section. | Indivior does not hold a valid privilege over paragraph 1 of this section. Paragraph 1 should be unredacted and released to Miller. Indivior holds a valid privilege over paragraph 2. Paragraph 2 may remain redacted and screened from Miller. Indivior also holds a valid privilege over the first sentence of paragraph 3. The first sentence may remain redacted. The rest of the paragraph should be unredacted and released to Miller. The Motion to Compel is granted in part and denied in part as to this section. |

3. *November 11, 2023, Email from Miller to Frazier.*

| Version | Page Numbers of Redacted Section |
|---|---|
| MILLER-CTRL00000864 | MILLER-CTRL00000864 |

| | |
|---|---|
| **Redaction Instructions:** | Indivior holds a valid privilege over the third sentence of this section. The rest of the section is not subject to Indivior's attorney-client privilege and should be unredacted and released to Miller. The Motion to Compel is granted in part and denied in part as to this section. |

4. *September 2, 2018, Email from Miller to Frazier.*

| Version | Page Number of First Redacted Section | Page Number of Second Redacted Section |
|---|---|---|
| MILLER-CTRL00003237 | MILLER-CTRL00003237 | MILLER-CTRL00003238 |
| **Redaction Instructions:** | Indivior holds a valid privilege over this redacted material. The Motion to Compel is denied regarding this section. | Indivior does not hold a valid privilege over this redacted material and it should be released to Miller. The Motion to Compel is granted regarding this section. |

5. *Unlabeled Document.*

| Version | Page Numbers of Redacted Section |
|---|---|
| MILLER-CTRL00002556 | MILLER-CTRL00002556 |
| **Redaction Instructions:** | Indivior does not hold a valid privilege over this redacted material and it should be released to Miller. The Motion to Compel is granted regarding this section. |

6. *June 2, 2015, Email from Miller to Leader.*

| Version | Page Numbers of Redacted Section |
|---|---|
| MILLER-CTRL00002548 | MILLER-CTRL00002548 |
| **Redaction Instructions:** | Indivior does not hold a valid privilege over this redacted material and it should be released to Miller. The Motion to |

| | |
|---|---|
| | Compel is granted regarding this section. |

7. *Relator's Disclosure Statement.*

The Disclosure Statements in the Court's possession fall into three main formatting categories for the purposes of redaction. They are separated into those categories below.

**Category 1**

| Version | Page Numbers of First Redacted Section | Page Numbers of Second Redacted Section | Page Numbers of Third Redacted Section |
|---|---|---|---|
| MILLER-CTRL00002798 | MILLER-CTRL00002799 | MILLER-CTRL00002800 | MILLER-CTRL00002801-02 |
| MILLER-CTRL00002598 | MILLER-CTRL00002599 | MILLER-CTRL00002600 | MILLER-CTRL00002601-02 |
| MILLER-CTRL00002812 | MILLER-CTRL00002813 | MILLER-CTRL00002814 | MILLER-CTRL00002815-16 |
| MILLER-CTRL00002791 | MILLER-CTRL00002792 | MILLER-CTRL00002793 | MILLER-CTRL00002794-95 |
| MILLER-CTRL00002778 | MILLER-CTRL00002779 | MILLER-CTRL00002780 | MILLER-CTRL00002781-82 |
| MILLER-CTRL00002471 | MILLER-CTRL00002472 | MILLER-CTRL00002473 | MILLER-CTRL00002474-75 |
| MILLER-CTRL00003183 | MILLER-CTRL00003184 | MILLER-CTRL00003185 | MILLER-CTRL00003186-87 |

| | | | |
|---|---|---|---|
| MILLER-CTRL00003232 | MILLER-CTRL00003233 | MILLER-CTRL00003234 | MILLER-CTRL00003235-36 |
| MILLER-CTRL00003225 | MILLER-CTRL00003226 | MILLER-CTRL00003227 | MILLER-CTRL00003228-29 |
| MILLER-CTRL00003188 | MILLER-CTRL00003189 | MILLER-CTRL00003190 | MILLER-CTRL00003191-92 |
| MILLER-CTRL00003198 | No highlighting; just blacked out text | No highlighting; just blacked out text | MILLER-CTRL00003202; Note: This section is partially highlighted in this copy. |
| MILLER-CTRL00003193 | MILLER-CTRL00003194 | MILLER-CTRL00003195 | MILLER-CTRL00003196-97 |
| MILLER-CTRL00002681 | MILLER-CTRL00002682 | MILLER-CTRL00002683 | MILLER-CTRL00002684 |
| MILLER-CTRL00002593 | MILLER-CTRL00002594 | MILLER-CTRL00002595 | MILLER-CTRL00002596-97 |
| MILLER-CTRL00002817 | MILLER-CTRL00002818 Note: Part of this section is unredacted in this copy only. | MILLER-CTRL00002819 | MILLER-CTRL00002820-21 |
| **Redaction Instructions:** | Indivior holds a valid privilege over this redacted material. The Motion to Compel is denied regarding this section. | Indivior holds a valid privilege over this redacted material. The Motion to Compel is denied regarding this section. | Indivior holds a valid privilege over the 12th sentence of this section. The rest of the section is not subject to Indivior's attorney-client |

| | | | |
|---|---|---|---|
| | | | privilege and should be unredacted and released to Miller. The Motion to Compel is granted in part and denied in part as to this section. |

**Category 2**

| Version | Page Numbers of First Redacted Section | Page Numbers of Second Redacted Section | Page Numbers of Third Redacted Section |
|---|---|---|---|
| MILLER-CTRL00002605 | MILLER-CTRL00002606 | MILLER-CTRL00002606 | MILLER-CTRL00002607-08 |
| MILLER-CTRL00002827 | MILLER-CTRL00002828 | MILLER-CTRL00002828 | MILLER-CTRL00002829-30 |
| **Redaction Instructions:** | Indivior holds a valid privilege over this redacted material. The Motion to Compel is denied regarding this section. | Indivior holds a valid privilege over this redacted material. The Motion to Compel is denied regarding this section. | Indivior holds a valid privilege over the 11th sentence of this section. The rest of the section is not subject to Indivior's attorney-client privilege and should be unredacted and released to Miller. The Motion to |

| | | | |
|---|---|---|---|
| | | | Compel is granted in part and denied in part as to this section. |

**Category 3**

| Version | Page Numbers of First Redacted Section | Page Numbers of Second Redacted Section | Page Numbers of Third Redacted Section |
|---|---|---|---|
| MILLER-CTRL00000023 | MILLER-CTRL00000024 | MILLER-CTRL00000025-26 | MILLER-CTRL00000026 |
| **Redaction Instructions:** | Indivior holds a valid privilege over this redacted material. The Motion to Compel is denied regarding this section. | Indivior holds a valid privilege over the 12th sentence of this section. The rest of the section is not subject to Indivior's attorney-client privilege and should be unredacted and released to Miller. The Motion to Compel is granted in part and denied in part as to this section. | Indivior holds a valid privilege over this redacted material. The Motion to Compel is denied regarding this section. |

8. *Relator's Supplemental Disclosure Statement.*

| Version | Page Numbers of Redacted Section |
|---|---|
| MILLER-CTRL00002497 | MILLER-CTRL00002497 |
| MILLER-CTRL00002499 | MILLER-CTRL00002499 |
| MILLER-CTRL00002731 | MILLER-CTRL00002731 |

| | |
|---|---|
| MILLER-CTRL00002769 | MILLER-CTRL00002769 |
| MILLER-CTRL00003223 | MILLER-CTRL00003223 |
| MILLER-CTRL00003260 | MILLER-CTRL00003260 |
| MILLER-CTRL00003205 | MILLER-CTRL00003205 |
| MILLER-CTRL00003203 | MILLER-CTRL00003203 |
| MILLER-CTRL00003258 | MILLER-CTRL00003258 |
| **Redaction Instructions:** | Indivior does not hold a valid privilege over this redacted material and it should be released to Miller. The Motion to Compel is granted regarding this section. |

III. DOCUMENTS WITH REDACTED MATERIAL NEITHER PARTY HAS SEEN.

*1. November 2023 Email Thread Between Miller and Leader.*

There are several variations of this email thread which include slightly different materials. Even so, the redacted sections align so I will address them together.

| Version | Page Numbers of First Redacted Section | Page Numbers of Second Redacted Section | Page Numbers of Third Redacted Section | Page Numbers of Fourth Redacted Section | Page Numbers of Fifth Redacted Section |
|---|---|---|---|---|---|
| MILLER-CTRL00000680 | MILLER-CTRL00000680 | MILLER-CTRL00000680-82 | MILLER-CTRL00000682 | MILLER-CTRL00000683 | MILLER-CTRL00000684 |
| MILLER-CTRL00000854 | MILLER-CTRL00000854 | MILLER-CTRL00000854-56 | MILLER-CTRL00000856 | MILLER-CTRL00000857 | MILLER-CTRL00000858 |
| MILLER-CTRL00002661 | MILLER-CTRL00002661 | MILLER-CTRL00002662-63 Note: This version includes some unredacted lines within the section. | MILLER-CTRL00002664 | MILLER-CTRL00002664-65 | MILLER-CTRL00002666 |

| MILLER-CTRL00002671 | MILLER-CTRL00002671 | MILLER-CTRL00002671-73 | MILLER-CTRL00002673 | MILLER-CTRL00002673-74 | MILLER-CTRL00002675 |
|---|---|---|---|---|---|
| **Redaction Instructions:** | Miller holds a valid privilege over this section. It should not be released to Indivior. Indivior does not hold a valid privilege over this section. Therefore, the material should be released to Miller but not to Indivior. | Miller holds a valid privilege over this section. However, Indivior also holds a valid privilege over some of this section, specifically lines 1-2, 13-26, 38-39, 44-46, and 49-52 of the section. All other lines should be unredacted and released to Miller. | Miller holds a valid privilege over this section. It should not be released to Indivior. Indivior does not hold a valid privilege. Therefore, the material can be unredacted and released to Miller but not Indivior. | Miller holds a valid privilege over this section. It should not be released to Indivior. However, Indivior holds a valid privilege over the sentence beginning on line 18 and continuing through line 20 of the section. All other lines should be unredacted and released to Miller. | This section is highlighted in yellow and included in documents subject to the Motion to Compel discussed above. As noted above, Indivior holds a valid privilege over the third sentence of this section. The rest of the section is not subject to Indivior's attorney-client privilege and should be unredacted and released to Miller. The Motion to Compel is granted in part and denied in part as to this section. |

2. *Relator's Disclosure Statement: MILLER-CTRL00002806.*

This document is similar to the Disclosure Statements discussed above but includes notes and in-text comments from Miller's prior counsel requesting more information from Miller. It contains yellow highlighting, indicating information that Indivior redacted after review. The yellow highlighting largely tracks the

highlighted sections in the other Disclosure Statements. But because of the added commentary from Miller's previous counsel, it also contains blue highlighting, indicating information that has been redacted and withheld from both parties. Independent counsel believed that this information potentially fell under Miller's work product privilege and Indivior's attorney-client privilege.

Because the sections in yellow highlighting track with the yellow highlighting in the Disclosure Statements that do not contain notes from counsel, the yellow sections should be released or redacted just like the Disclosure Statement sections discussed above.

The sections in blue highlighting should be disclosed to Miller but not to Indivior. Miller holds a valid privilege over these sections. However, Indivior does not have a valid attorney-client privilege over this material because it is subject to the crime-fraud exception. Accordingly, Miller should receive a copy of this document with the blue highlighted sections unredacted. Those sections should remain screened from Indivior.

*3. November 17, 2023, Email Thread.*

Two variations of this email thread have been provided for review, but the redacted sections match, so they can be discussed together. MILLER-CTRL00000673 only has yellow highlighting which, according to independent counsel's key, indicates material that Indivior has redacted after review. But it is

included in Exhibit C's list of documents that have been screened from both parties. To the extent that a color-coding error was made as to that document, I have considered both Miller's and Indivior's privileges as they apply to the highlighted text. MILLER-CTRL00002654 has redacted sections color-coded in blue, which properly indicates that the material has been withheld from both parties.

| Version | Page Numbers of First Redacted Section | Page Numbers of Second Redacted Section | Page Numbers of Third Redacted Section |
|---|---|---|---|
| MILLER-CTRL00002654 | MILLER-CTRL00002654 | MILLER-CTRL00002654 | MILLER-CTRL00002655 |
| MILLER-CTRL00000673 | MILLER-CTRL00000673 | MILLER-CTRL00000673 | MILLER-CTRL00000675 |
| **Redaction Instructions:** | Both parties have a valid privilege over this section. It should remain redacted from both Miller and Indivior. | This section contains the same language as MILLER-CTRL00000864 discussed above. In this context, Miller holds a valid work-product privilege over the material. Indivior holds a valid privilege over the third sentence of the section. However, independent counsel already passed this section to Indivior for review in the MILLER- | This section matches the Second Redacted Section in these documents. The same instructions apply. |

| | | | |
|---|---|---|---|
| | | CTRL00000864 document, so retaining redactions from Indivior here would not have a practical effect. With the exception of the third sentence, this section should be unredacted and released to Miller. | |

IV. CONCLUSION.

Accordingly, Plaintiff-Relator's Motion to Compel Production of Privileged Documents, Dkt. No. 207, is GRANTED in part and DENIED in part.

It is so **ORDERED**.

ENTER: September 9, 2026

/s/ JAMES P. JONES
Senior United States District Judge